# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JAMES LANG,**

**Plaintiff,**

**v.**                                    **Case No. 26-CV-697**

**CHARLES SCHWAB & CO., INC., et al.,**

**Defendants.**

## ORDER

James Lang alleges that he invested in exchange-traded notes (ETNs) without understanding the risks involved. He blames his broker, TD Ameritrade (which was subsequently acquired by Charles Schwab & Co., Inc.) and UBS Financial Services, Inc. (UBSFS), whom he alleges issued the ETNs, for not explaining those risks. He seeks compensation for the losses he allegedly suffered. He filed this lawsuit and an arbitration action before the Financial Industry Regulatory Authority (FINRA).

UBSFS filed in this action a motion for an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." (ECF No. 8.) In it, UBSFS asks the court to enjoin the FINRA arbitration action pending against it. It argues that it is not subject to arbitration before FINRA because no agreement to arbitrate exists. FINRA's rules permit arbitration only if a written arbitration agreement exists

between the parties or a FINRA member's "customer" requests arbitration. *See* FINRA R. 12200. UBSFS alleges that Lang was never its customer.

UBSFS's request for injunctive relief, however, is untethered from any claim for relief in this suit. This action and the FINRA action are parallel but distinct actions. Lang's complaint does not seek to compel UBSFS to arbitrate. In fact, it makes no reference to FINRA generally or the pending arbitration action specifically. And UBSFS has not filed a counterclaim seeking, for example, a declaration that it is not subject to FINRA arbitration. Thus, the arbitrability of Lang's claims against UBSFS is not an issue in this litigation.

A federal court cannot issue injunctive relief when the request is not based on a claim before the court. *See Zhang v. UAB Ekomlita*, No. 1:22-cv-05057, 2023 U.S. Dist. LEXIS 62306, at \*15-16 (N.D. Ill. Apr. 10, 2023); *see also Pac. Radiation Oncology, Ltd. Liab. Co. v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."); *Nw. Pallet Supply Co. v. PECO Pallet, Inc.*, No. 3:15-cv-50182, 2016 U.S. Dist. LEXIS 63825, at \*9 (N.D. Ill. May 13, 2016) ("The Supreme Court has explained that a preliminary injunction is 'appropriate to grant intermediate relief of the same character as that which may be granted finally,' but is not appropriate where the injunction 'deals with a matter lying wholly outside the issues in the suit.'" (quoting *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945))).

"Where, as here, a defendant seeks preliminary injunctive relief without first filing a counterclaim, federal courts routinely deny the relief requested." *Zhang*, 2023 U.S. Dist. LEXIS 62306, at *16 (citing *Profil Institut Fur Stoffwechselforschung GmbH v. ProSciento, Inc.*, No. 16CV1549-LAB (BLM), 2017 U.S. Dist. LEXIS 28193, 2017 WL 1394089, at *1 (S.D. Cal. Feb. 28, 2017); *Kraemer v. Fox Hills Owners Ass'n*, No. 15-CV-02189 (MJW), 2016 U.S. Dist. LEXIS 47184, 2016 WL 1383473, at *1 (D. Colo. Apr. 7, 2016)).

Accordingly, UBS Financial Services, Inc.'s "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." (ECF No. 8) is **denied**.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 23rd day of April, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
